IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

03 SEP 29 PM 4: 17

UNITED STATES OF AMERICA,

    Plaintiffs,

vs.

CR No. 03-568 JC

ARTURO AYALA, a/k/a "Tony", a/k/a "Cockroach", KELLY FERNANDEZ, GABRIEL DAVID GOMEZ, THOMAS KELLY, CHARLES ANTHONY ROYBAL, a/k/a Anthony C. Roybal, a/k/a Anthony Carlos Roybal, a/k/a Carlo Roybal, a/k/a Carlos Roybal, a/k/a Carlo A. Roybal and ENRICO ADRIAN ROYBAL,

    Defendants.

### DEFENDANT CHARLES ANTHONY ROYBAL'S MEMORANDUM OF LAW

Defendant Charles Anthony Roybal, by and through his attorneys, Kennedy & Han, P.C., hereby submits this memorandum of law as requested by this Court, and states the following:

<u>Substitute assets are not "forfeitable assets" within the plain meaning of 21 U.S.C. § 853, and therefore, cannot be seized by the Government if transferred by Defendant prior to conviction.</u>

In the present matter all parties agree that the assets presently of issue are unconnected to the alleged unlawful activity. (See, Government's Response to Def's. Mot. For Release, filed Sept. 4, 2003, Superseding Indictment, June 25, 2003; Count 68.) Rather, the assets named in Count 68 are designated as substitute assets within the meaning of section 853(p).[1] Substitute assets are not, by

---

[1] Count 68 reads that upon a conviction of Defendant for Count 1 of the indictment, Defendant must forfeit a sum of money, specific real property, an automobile, specific personal property, and a specific bank account pursuant to 21 U.S.C. § 853, the criminal forfeiture statute. Count 68 goes on to state that if any of the above specified forfeitable property cannot be located, has been transferred to a third party, placed beyond the Court's jurisdiction or has been substantially diminished in value then pursuant to 21 U.S.C. § 853(p), a litany of substitute property in the Defendant's name will be forfeited. These include the properties located at 2301 Elizabeth, NE, Albuquerque; 300 Wyoming, SE, lots 5, 10, 11 and 12 in Albuquerque; 3816 Lafayette, NE, Albuquerque; Manzanito Subdivision lots 14 and 15 located on South 14, New Mexico; 11316 Morocco, NE, Albuquerque; 50 Val Verde Loop, Edgewood; Compass Bank



the plain language of the statute, forfeitable assets. "Forfeitable assets are defined in § 853(a) to include any 'property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation.' United States v. Field, 867 F.Supp. 869, 871 (D. Minn. 1994); United States v. Ripinsky, 20 F.3d 359, 362-63 (9th Cir. 1994). Conversely, substitute assets are assets not connected to the underlying criminal violation. Field, 867 F.Supp at 870. Paragraph (2) of § 853(p) provides for the forfeiture of substitute property only upon a finding that forfeitable property as defined by *subsection (a)*, is unavailable for any one of the five reasons listed therein. Specifically, subsection (p) states that substitute assets are subject to forfeiture only:

> (p)(1) if any of the property described in subsection (a) of this section, as a result of any act or omission of the defendant -
> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;
> (C) has been placed beyond the jurisdiction of the court;
> (D) has been substantially diminished in value; or
> (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). As explained below, the distinction between "forfeitable" and "substitute" assets is critical to the issue now before the Court because forfeitable assets are subject to pre-trial restraint and post-trial seizure from third parties, while substitute assets are not. Initially, under subsection 853(e), the government may only invoke pre-trial, restraint of "property described in subsection (a)," or in other words, *forfeitable assets*." See generally Ripinsky, 20 F.3d at 363; United States v. Floyd, 992 F.2d 498, 501 (5th Cir. 1993) (substitute assets not subject to pretrial restraint); In re Assets of Martin, 1 F.3d 1351 (3rd Cir. 1993) (same). The statute plainly states what assets are forfeitable and subject to pretrial restraint. Subsection (e) provides that "property described in

---

Account 0012090406; a 1997 Corvette, V.I.N. 1G1YY22G4V5105600; and a 1978 Rolls Royce, Silvercloud, V.I.N. SRG 34537.

subsection (a)" may be restrained or otherwise encumbered in any variety of ways prior to trial. Subsection (a) describes only forfeitable assets and not substitute assets which are instead defined in subsection (p).

In the present matter, all of the substitute assets named in Count 68 are restrained or encumbered by the Government to such a degree to prevent Defendant from using them to continue retention of private counsel. Both the restraining order for the Compass bank account and the notices of *lis pendens* on the real property were erroneously obtained by the Government based upon §853(e). Defendant's assets named in Count 68 as substitute assets are simply not subject to pre-trial Specifically, subsection (e) clearly states that a "court may enter a restraining order or injunction . . . or take any other action to preserve the availability of property described in subsection (a)." Subsection (a) defines forfeitable assets, not substitute assets, which are instead defined in subsection (p). Subsection (e) clearly only allows such pre-trial encumbrances for forfeitable assets. The language of the statute is not ambiguous, and there is no authority for either the restraining order or the notices of *lis pendens* for the substitute assets. Congress, in subsection (e), made a specific reference to the property described in subsection (a), and that description does not include substitute assets. Floyd, 992 F.2d at 502.

Furthermore, if the substitute assets are released, and Defendant is ultimately convicted, the Government cannot seize those assets from any third party who may then have title to those assets. Ripinsky, 20 F.3d at 364 (substitute assets may be transferred by time of conviction and thus be unreachable by government). Again, the statutory language is unambiguous. Forfeitable assets as defined in subsection (a), which are transferred prior to trial can be reached by the Government due to the "relation back doctrine" which vests title in forfeitable assets in the Government at the time the

underlying crime is committed. See 21 U.S.C. § 853(c) (all right, title and interest in *property described in subsection (a)* of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section) (emphasis added); United States v. Moya-Gomez, 860 F.2d 706, 725 (7th Cir. 1988). The Government is able to obtain forfeitable assets as defined in subsection (a) through this relation back doctrine even when those assets are transferred to third parties unless the innocent third-party exception of subsection (n) applies under subsection (c). Subsection (c) specifically refers to "property described in subsection (a)," which is "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation," i.e., forfeitable assets. 21 U.S.C. §853(a), (c). It is the nexus between the forfeitable assets and the criminal activity that allows the Government to reach forfeitable assets transferred prior to trial. Substitute assets, by definition, and in the present matter by admission of all parties, lack any such nexus with the underlying criminal activity. Therefore, title does not relate back to the occurrence of the underlying criminal violation, thereby precluding the Government's argument that transfer of substitute assets before trial deprives the Government of its rightful property.

The risk of an erroneous deprivation of property is especially pronounced where a Defendant's ability to pay attorneys fees are at issue. United States v. Noriega, 746 F.Supp. 1541, 1543 (S.D. Fla., 1990). It has been held that with regard to attorneys' fees, a restraint, encumbrance or freeze of assets "constitutes a permanent deprivation since the defendant needs the attorney now" if the attorney is to do the defendant any good. Id. at 1543; Moya-Gomez, 860 F.2d at 726. It is well settled that the government cannot seize a person's assets without probable cause. Noriega, 746 F.Supp. at 1543 (citations omitted). In this case, all parties agree no such finding of probable cause was made because absolutely no nexus between the substitute assets and the alleged criminal violation

4

exists. While the government's interest in punishing criminal activity such as that alleged here through § 853 forfeiture of tainted assets is strong, it is insufficient to overcome Defendant's interest in using his untainted assets to retain private counsel of his choosing. Although the Supreme Court has held that forfeitable assets as described in subsection (a) cannot be used to pay attorneys fees, it did not hold that untainted assets, such as the substitute assets at issue in this case, cannot be used to secure counsel of a defendant's choice. Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 109 S.Ct. 2646, 2652 (1989); United States v. Monsanto, 491 U.S. 600, 109 S.Ct. 2657 (1989). In deed, to do so would be tantamount to holding that the Government could, at its will, prevent defendants from retaining private counsel at all, a notion completely antithical to our system of justice.

The Defendant presumes that the United States will present decisions from the 2nd and 4th Circuits that substitute assets are subject to pre-trial restraint. United States v. Regan, 858 F.2d 115 (2nd Cir. 1989); In re Billman, 915 F.2d 916 (4th Cir. 1990); *compare* United States v. Ripinsky, 20 F.3d 359, 362-63 (9th Cir. 1994) (substitute assets not subject to pre-trial restraint); Ripinsky, 20 F.3d at 363; United States v. Floyd, 992 F.2d 498, 501 (5th Cir. 1993) (same Ripinsky, 20 F.3d at 363; United States v. Floyd, 992 F.2d 498, 501 (5th Cir. 1993) (substitute assets not subject to pretrial restraint); In re Assets of Martin, 1 F.3d 1351 (3rd Cir. 1993) (same)); In re Assets of Martin, 1 F.3d 1351 (3rd Cir. 1993) (same) . However, neither of those decisions found that substitute assets were reachable by the Government if they were transferred prior to conviction. Further, neither court held that substitute assets were "forfeitable assets" as defined by subsection (a), or that the ability to restrain substitute assets prior to trial also meant that substitute assets had any connection to the underlying criminal activity. In fact, the Second and Fourth Circuits agreed that substitute assets as

defined in subsection (p) were not forfeitable assets as defined in subsection (a). Both Circuit's decisions were limited to the ability of the Government to subject substitute assets to pre-trial restraint. They did not address whether a Court could release substitute assets for attorney's fees, nor did they decide whether substitute assets in the hands of third parties were reachable by the government upon a defendant's conviction. Further, the assets involved in Billman, though named for purposes of substitution, were actually forfeitable assets related to the underlying criminal activity, unlike the present matter where the substitute assets have absolutely no connection to the alleged underlying criminal violation. Therefore, even were this Court to decide that § 853 allows substitute assets to be restrained prior to trial, there is no precedent prohibiting the release of such assets for Defendant's use to retain private counsel, and the law is well settled that untainted assets transferred by a defendant prior to trial are unreachable by the government because the relation back doctrine of §853(c) does not encompass assets lacking a nexus to the underlying criminal violation.

WHEREFORE, for all the above reasons, and for the reasons presented at the evidentiary hearing before this Court on Defendant's motion and Defendant's memorandum in support of that motion, Defendant asks that all substitute assets be released from further encumbrance.

Respectfully submitted,
KENNEDY & HAN, P.C.

PAUL J. KENNEDY
Attorney for the Defendant
201 12th St. NW
Albuquerque, New Mexico 87102
(505) 842-8662

I hereby certify that a true and correct
copy of the forgoing motion was
faxed to:

Tara C. Neda
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87103

on this _29th__ day of September, 2003.

_____
PAUL J. KENNEDY